## NOLL v. KREMBS.

### Patent Appeal No. 3338.

Court of Customs and Patent Appeals.
Dec. 3, 1934.

Edward H. Merritt, of Ft. Wayne, Ind. (James Atkins, of Washington, D. C., of counsel), for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing the opposition of appellant, and holding that appellee was entitled to the registration of a composite trade-mark for use on a medicated textile for treatment of the hair and scalp.

The mark in question comprises a pictorial representation in full face of the head of a girl. The top of the head is covered with a cloth, on which appears the word "Pinetex," and which is held in place by the hands. The picture is inclosed in heavy black lines, formed so as to resemble somewhat the shape of an urn. The sides of the picture, so inclosed, are decorated with pine-tree foliage. Immediately above the picture on a rectangular background, which is decorated with a fringed edge resembling pine needles, appears the word "Pinetex."

It appears from the record that appellant and his predecessor have used the trade-mark "Pinex" on "cough balsam," used for coughs, colds, bronchitis, throat tickle, croup, and hoarseness, for many years prior to the use by appellee of his trade-mark "Pinetex"; that one of the ingredients of appellant's product is "oil of pine"; that his product is a liquid, and is sold in 2½-ounce bottles; that it is in concentrated form, and is prepared for use by the purchaser by mixing the contents of a bottle with 13½ ounces of sirup, strained honey, glycerine, or a combination of those substances; that appellant has spent large sums of money in advertising its product and its trade-mark; that on August 31, 1909, appellant's predecessor, Victor Schmidt, secured Registration No. 75,098 on an application filed November 11, 1908, for the trade-mark "Pinex" for use on "cough balsam"; and that the trade-mark was again registered by appellant on July 9, 1929, Registration No. 258,605, on an application filed January 30, 1929, for use on "cough balsam."

There is some testimony by appellant to the effect that appellee was aware of the fact that appellant was using the trade-mark "Pinex" on his goods prior to the adoption and use by appellee of the word "Pinetex." Appellant testified that, in his opinion, the concurrent use of the involved marks on goods of the parties would cause confusion in the trade and would result in damage to him.

Appellee introduced no evidence, nor was he represented by counsel in this court.

The Examiner of Interferences held that the goods of the respective parties did not possess the same descriptive properties, and that, therefore, appellee was entitled to register his trade-mark.

On appeal, the Commissioner of Patents held that the goods of the respective parties were so different in character and use that the use by the parties of their respective trade-marks would not be likely to cause confusion or mistake in the mind of the public, and that appellee was entitled to the registration of his mark.

On November 13, 1934, the court permitted appellee to file a brief. It is largely devoted to evidentiary statements, and to a discourse relative to what is stated to be appellee's unhappy financial condition.

The court, of course, may not permit a sympathetic interest, aroused by a recital of appellee's personal distress, to interfere with a proper judicial determination of the involved issues.

Although we are not informed as to the precise character of appellee's product, it does appear from the record that it is a medicated textile; the textile being impregnated with a medicinal containing oil of pine as one, at least, of its important ingredients. It is used as a substitute for so-called hair tonics, which are ordinarily in the form of liquids or ointments, in the treatment of the hair and scalp.

It may be said, therefore, that the goods of the respective parties are essentially medicinal preparations. They are sold in the same stores, to the same class of people. We are of opinion that, although the goods of the respective parties are not identical in character, they possess the same descriptive properties. See The Heekin Company v. Lawrenceburg Roller Mills Company, 40 F.(2d) 119, 17 C. C. P. A. (Patents) 1093; Malone v. Horowitz, 41 F.(2d) 414, 17 C. C. P. A. (Patents) 1252, and cases cited; Celanese Corporation of America v. Vanity Fair Silk Mills, 47 F.(2d) 373, 18 C. C. P. A. (Patents) 958; Revere Sugar Refinery v. Joseph G. Salvato, 48 F.(2d) 400, 18 C. C. P. A. (Patents) 1121; Gilbert Co. v. John O. Gilbert Chocolate Co., 48 F.(2d) 930, 18 C. C. P. A. (Patents) 1267; In re Coca Cola Bottling Co. of Los Angeles, 49 F.(2d) 838, 18 C. C. P. A. (Patents) 1384; Harlan-Wallis Coal Corp. v. Transcontinental Oil Co. (The Ohio Oil Company, Assignee, Substituted), 64 F.(2d) 122, 20 C. C. P. A. (Patents) 944.

Considering the obvious similarity of the marks, together with the fact that the goods of the parties are used solely for their medicinal or therapeutic properties, and that they are sold in the same stores to the same class of people, we are of opinion that the use by appellee of his trade-mark, the dominant feature of which is the word "Pinetex," concurrently with the use by appellant of the mark "Pinex," would be likely to cause confusion or mistake in the mind of the public, and deceive purchasers as to the origin of appellee's goods. See cases hereinbefore cited.

For the reasons stated, the decision is reversed.

Reversed.